# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,      )
           )
      Plaintiff,      )
           )
v.           )      Case No. CR-25-222-D
           )
MARCUS JAMAL SANCHEZ,      )
a/k/a Marcus James Buchanan,      )
           )
      Defendant.      )

## ORDER

Before the Court is Defendant's Letter [Doc. No. 4], which the Court construes as a motion for early termination of supervised release. The government has filed a Response in Opposition to Request for Early Termination of Supervised Release [Doc. No. 6].

Defendant is currently serving a three-year term of supervised release that began on May 13, 2025. Defendant was sentenced in the Central District of California after pleading guilty to one count of making a threat through interstate commerce, in violation of 18 U.S.C. § 844(e). [Doc. No. 6, at 1]. Defendant's 13-month prison sentence was below the advisory guideline range, and the term of supervised release was at the top of the advisory guideline range. *Id.* at 2.

In the present motion, Defendant asserts that supervised release is making it more difficult to get hired by a trucking company, and that "[he has] been applying for trucking companies and only 2 offered a job." [Doc. No. 4, at 1]. Defendant also states that he has been participating in counseling for the past year and has not had any violations while on supervised release. *Id.*

1

The government opposes Defendant's request. The government verified with the United States Probation Office that Defendant has been generally compliant with his supervision requirements. However, the probation officer communicated that the USPO does not support Defendant's request for early termination of supervised release "primarily due to the nature of his criminal history which includes repeated instances of bomb threats and threats of physical violence."[1] [Doc. No. 6, at 3]. The probation officer also reported that Defendant recently obtained employment through WEL Companies in Mustang, Oklahoma.

Based on the seriousness of Defendant's criminal history, the "USPO and the government share the belief that the safety net of continued supervision is the best method to ensure [Defendant] is able to resist a mental health regression in the event a moment of extreme stress should arise [and to] continue on his positive trajectory." [Doc. No. 6, at 5]. The Court agrees. The Court further agrees that Defendant's employment with WEL Companies reflects that continued supervision is not impeding Defendant's ability to gain employment, which was Defendant's main reasoning for seeking early termination.

A district court has discretionary authority to terminate a term of supervised release and discharge the defendant at any time after the expiration of one year of supervision if, after considering certain § 3553 factors, the court is "satisfied that such action is warranted

---

[1] The government further notes that Defendant's criminal history contains multiple instances of threatening behavior, most of which "came after a personal setback in [Defendant's] life." [Doc. No. 6, at 5].

by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

Upon consideration of Defendant's motion in light of the information provided by the government, and for the reasons stated herein, the Court finds that early termination of Defendant's term of supervised release is not warranted at this time. The Court commends Defendant for complying with his supervised release restrictions and making progress toward reintegrating into society. However, in light of all the circumstances in this case, the Court declines to terminate Defendant's term of supervision prematurely.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Early Termination or Reduction of Supervised Release [Doc. No. 4] is **DENIED**.

**IT IS SO ORDERED** this 17th day of July, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

3